O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-6959 PSG (AGRx) | Date | February 25, 2011 |
|---|---|---|---|
| Title | OBand, Inc. v. The 8020 Corporation, *et al.* | | |

Present: The Honorable Philip S. Gutierrez, United States District Judge

| Wendy K. Hernandez | Not Present | n/a |
|---|---|---|
| Deputy Clerk | Court Reporter | Tape No. |

Attorneys Present for Plaintiff(s):      Attorneys Present for Defendant(s):

Not Present      Not Present

**Proceedings:** **(In Chambers) Denying Plaintiff's Motion to Serve Defendant Sargent By Electronic Mail**

Pending before the Court is OBand, Inc.'s Motion for Leave to Serve Defendant B. Sargent by Electronic Mail. The Court considers the matter appropriate for decision without oral argument. *See* Fed. R. Civ. P. 78; L.R. 7-15. After considering the moving papers and affidavit, the Court DENIES the Motion.

The facts of this case are largely irrelevant to the pending Motion. What is relevant, however, is that Plaintiff OBand, Inc. ("Plaintiff") sued the 8020 Corporation, Brendan Bakir and B. Sargent ("Sargent") for, *inter alia*, "cybersquatting" in violation fo the Lanham Act, 15 U.S.C. § 1125(d). The 8020 Corporation and Sargent obtained the domain name "oband.com" from a previous registrant of the name, and in doing so, "usurp[ed] and misappropriat[ed] Plaintiff's reputation and goodwill in its OBAND [trade]mark on the Internet." *See Compl.* ¶ 16. While Plaintiff was able to serve Defendants 8020 Corporation and Brendan Bakir, Plaintiff has been unable to locate Sargent despite using the "services of a professional researcher to attempt and [sic] locate him." *Litovsky Decl.* ¶ 3. Sargent's name–B. Sargent–was listed on the domain name registration, however, along with an e-mail address. *See id.* Ex. A. Plaintiff now seeks leave to serve Sargent by electronic mail to the address listed on the domain name registration.

Plaintiff's only basis for seeking service by electronic mail is Federal Rule of Civil Procedure Rule 4(f)(3) and the Ninth Circuit's decision in *Rio Properties, Inc. v. Rio International Interlink,* 284 F.3d 1007 (9th Cir. 2002). However, Rule 4(f)(3) and *Rio Properties* only deal with serving an individual in a foreign country. *See* Rule 4(f); *Rio Properties*, 284 F.3d at 1012 (stating that the defendant was a Costa Rican entity). In fact,

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-6959 PSG (AGRx) | Date | February 25, 2011 |
|---|---|---|---|
| Title | OBand, Inc. v. The 8020 Corporation, *et al.* | | |

where an individual is located within a judicial district of the United States, service under the Federal Rules can be effectuated by following the law of the state where the district court is located or where service is made, by personally delivering a copy of the summons to the individual, leaving a copy of the summons at the individual's dwelling, or by delivering a copy of the summons to an authorized agent of the individual. *See* Rule 4(e).

While Plaintiff argues that service by electronic mail is appropriate in this case under Rule 4(f)(3) and *Rio Properties*, *see Mot.* 3:5-22, Plaintiff does not even suggest that Sargent might be in a foreign country. As a result, Rule 4(f) does not apply, and Plaintiff does not make any other argument as to why service by electronic mail is permitted under Rule 4 or California law as made applicable in this Court by Rule 4.[1]

Based on the foregoing, Plaintiff's Motion for Leave to Serve Defendant Sargent by Electronic Mail under Rule 4(f) is DENIED.

**IT IS SO ORDERED.**

---

[1] The other cases upon which Plaintiff rests its argument all apply Rule 4(f)'s foreign service provision to foreign defendants or apply Rule 4(e)'s provision allowing for service by methods authorized by state law. *See Juniper Networks, Inc. v. Bahattah*, No. CV 07-1771, 2008 WL 250584, at *1-2 (D.D.C. Jan. 30, 2008) (foreign defendant); *Williams-Sonoma, Inc. v. Friendfinder, Inc.*, No CV 06-6572, 2007 WL 1140639 (N.D. Cal. April 17, 2007) (foreign defendant); *Tishman v. The Associated Press*, No. CV 05-4278, 2006 WL 288369 (S.D.N.Y. Feb. 6, 2006) (service permitted by New York law); *Williams v. Advertising Sex, LLC*, 231 F.R.D. 483, 488 (N.D. W. Va. 2005) (foreign defendant). In addition, the Court in *Rio Properties* specifically explained that "e-mail service is not available absent a Rule 4(f)(3) decree." *Rio Properties*, 284 F.3d at 1018.